UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DWAYNE K. GRIFFIN,<br>　　Plaintiff, | : | No. 3:22-cv-00016 (VLB) |
| | : | |
| v. | : | |
| | : | |
| INGRID FEDER, et al.,<br>　　Defendants. | : | April 21, 2023 |

## INITIAL REVIEW ORDER

Plaintiff, Dwayne K. Griffin, is incarcerated at Corrigan-Radgowski Correctional Center ("Corrigan") within the Connecticut Department of Correction ("DOC"). He has filed a *pro se* amended complaint, pursuant to 42 U.S.C. § 1983, asserting Eighth Amendment deliberate indifference claims against three defendants – Dr. Feder, Nurse Phillips, and Nurse Benoit. Having carefully reviewed the amended complaint, the Court concludes that Mr. Griffin's claims are incognizable. Accordingly, the Court DISMISSES the complaint in its entirety.

I.　　THE AMENDED COMPLAINT

In 2020, while incarcerated at Corrigan, Mr. Griffin experienced severe pain on the left side of his body (back, leg, hip, groin, and knee). Dkt. No. 11 at 8, ¶ 1. Mr. Griffin also experienced nose pain and nausea possibly caused by acid reflux. *Id.* Because of his pain, and the fact that both of his parents had died of cancer,

Mr. Griffin perceived himself to be at a particularly high-risk of colon cancer.  *Id.* at 12, ¶ 9.[1]

On May 28, 2020, Mr. Griffin sent an inmate request form to Dr. Feder in which he emphasized his desire to undergo a colonoscopy.  Dkt. No. 11 at 9-10, ¶ 2; Dkt. No. 11-1 at 1.  At this time, Mr. Griffin was 50 years-old, and had been requesting colon cancer screening from DOC officials for the past ten or so years.  Dkt. No. 11 at 10, ¶ 5; Dkt. No. 1-1 at 10.  Dr. Feder responded that, due to the COVID-19 pandemic, inmates were not currently being scheduled for colonoscopies.  Dkt. No. 11-1 at 10.  Dr. Feder further noted that Mr. Griffin would be notified when the scheduling of colonoscopies resumed.  *Id.*

On August 21, 2021, Mr. Griffin sent a letter to the Corrigan medical unit to express his displeasure that the COVID-19 pandemic was delaying the scheduling of his desired colonoscopy.  *Id.* at 12.  The medical unit responded to this letter by adding Mr. Griffin's name to a sick call list.  *Id.*

On January 14, 2021, Mr. Griffin sent an inmate request form to Nurse Phillips in which he reiterated his desire to undergo a colonoscopy.  Dkt. No. 11, ¶ 5; Dkt. No. 11-1 at 2.  One week later, Nurse Benoit responded that a request for

---

[1] The complaint alleges no facts suggesting that back, leg, hip, groin, or knee pain are symptoms of colon cancer.  In correspondence with Mr. Griffin, Dr. Feder suggested that Mr. Griffin's body pain was the byproduct of obesity. Dkt. No. 11-1 at 1.

an appointment had been scheduled with an outside service provider but that the request was still pending. *Id.*

On February 25, 2021, Mr. Griffin submitted another inmate request to check when his colonoscopy would be performed. Dkt. No. 11-1 at 9. A nurse promptly responded that Mr. Griffin's colonoscopy appointment had been approved but not yet scheduled. *Id.*

On August 12, 2021, Mr. Griffin filed an administrative grievance complaining that he had been requesting a colonoscopy for the previous 10 years without the scheduling of an appointment. *Id.* at 18. Mr. Griffin reports that he never received a response to this grievance. Dkt. No. 11 at 11, ¶ 8.

On December 8, 2021, Mr. Griffin underwent a coloscopy. *Id.* at 10, ¶ 7. Presumably, the results of this exam were negative; Mr. Griffin does not allege otherwise in the amended complaint.

The amended complaint brings Eighth Amendment deliberate indifference to medical needs claims against Dr. Feder, Nurse Phillips, and Nurse Benoit. *Id.* at 12-13, ¶¶ 9-11. To remedy these alleged constitutional violations, Mr. Griffin seeks $300,000 in monetary damages and an injunction compelling the defendants to provide follow up colonoscopy and endoscopy. *Id.* at 13-14, ¶¶ A-C.

II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that]

3

is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*; *see also Liner v. Goord*, 196 F.3d 132, 134 N.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brough by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia*, the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions,"

4

"a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 555-57.  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely."  *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

### III. DISCUSSION

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of their federally protected rights.  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  Here, Mr. Griffin brings § 1983 claims against the defendants on a theory that they violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs.  Dkt. No. 11 at 12-13 ¶¶ 9-11.

"The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care."  *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006).  However, an inmate's "mere disagreement over [ ] proper treatment does not create a

5

constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d. Cir. 1998).  To adequately plead a deliberate indifference to medical needs claim, a plaintiff must allege: (1) an objective, "sufficiently serious" deprivation of medical care; and (2) subjective "deliberate indifference" on the part of the defendant who has deprived the plaintiff of such care.  *Salahuddin*, 467 F.3d at 279-80.

Mr. Griffin appears to focus his deliberate indifference claims on the length of time that passed between his May 2020 request for a colonoscopy examination and the December 2021 performance of such an examination.  The Court need not consider whether this scheduling delay (which appears attributable to a pandemic beyond anyone's control) reflects deliberate indifference on the part of the defendants.  Instead, the Court concludes that Mr. Griffin has not alleged a deprivation of medical care sufficient to support an Eighth Amendment cause of action.

Mr. Griffin was 52 years old when he underwent a colonoscopy.  Dkt. No. 11 at 10, ¶ 7; Dkt. No. 11-1 at 10.  At the time of his examination (December of 2021) the Centers for Disease Control (CDC) recommended colon cancer screening for adults over the age of 45.[2]  However, this recommended screening age had just been lowered in response to a report published in May of 2021.  Prior to the issuance of that report, the CDC had recommended colon cancer screening for

---

[2] *See* https://www.cdc.gov/cancer/colorectal/basic_info/screening/index.htm (last visited March 31, 2023).

adults over the age of 50.[3]  So, Mr. Griffin complains, essentially, that prison officials provided him with preventive health services two years beyond a federally recommended screening age.[4]  Inmates do not have a constitutional right to perfectly on-schedule routine, preventative health screenings. *See Ostroski v. Doe*, 3:12-cv-954 (RNC), 2012 WL 5448331 at *3 (D. Conn. Nov. 7, 2012) (colonoscopy scheduling delay did not give rise to a cognizable deliberate indifference claim).

Mr. Griffin may also have intended to bring a deliberate indifference claim related to the pain that he was experiencing on the left side of his body.  But the medical records attached to the amended complaint indicate that Corrigan's medical staff was addressing that concern through medication and the scheduling of appointments.  And, in the amended complaint, Mr. Griffin does not fault the defendants for failing to provide any specific type of medical treatment aside from his delayed colonoscopy.  Thus, the Court dismisses Mr. Griffin's claims against the defendants.  *See* 28 U.S.C. § 1915A(b)(1).

---

[3] *See* https://www.uspreventiveservicestaskforce.org/uspstf/recommendation/colorectal-cancer-screening (last visited March 31, 2023).

[4] The CDC recommends earlier colon cancer screenings for persons in high-risk groups.  However, Mr. Griffin has not alleged facts suggesting that he falls within such a risk group.  Although Mr. Griffin has alleged a family history of bone and pancreatic cancer, *see* Dkt No. 11 at 9, ¶ 2, the CDC only recommends early colon cancer screening for persons with a family history of *colon* cancer. *See* https://www.cdc.gov/cancer/colorectal/basic_info/screening/index.htm (last visited March 31, 2023).

IV.     CONCLUSION

The amended complaint, and all claims raised within it, are <u>DISMISSED without prejudice</u>.  If Mr. Griffin believes there are additional facts that he can allege that will overcome any of the deficiencies identified in this ruling, then he may file a proposed amended complaint within 30 days of this order.  If Mr. Griffin fails to file a proposed amended complaint within 30 days of this order, then the dismissal of his claims shall convert to one that is <u>with prejudice</u> and the Clerk will be directed to close this case.

SO ORDERED.

Dated at Hartford, Connecticut this 21st day of April, 2023.

_____/s/_____
Vanessa L. Bryant
United States District Judge